DLD-051                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1759
_____

UNITED STATES OF AMERICA

v.

BAKARY CAMARA,
                                                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-17-cr-00448-002)
District Judge:  Honorable John R. Padova

_____

Submitted on Appellee's Motion for Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
December 22, 2021
Before:  KRAUSE, MATEY, and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 7, 2022)
_____

OPINION*
_____

PER CURIAM

        Bakary Camara, a federal prisoner at FCI-Allenwood, appeals an order of the

District Court denying his motion for compassionate release.  The Government has filed a

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

motion for summary affirmance. For the following reasons, we will grant the motion and summarily affirm. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

In August 2020, Camara sought compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act, which authorizes criminal defendants to seek reductions of their sentences by demonstrating "extraordinary and compelling" circumstances.[1] He argued that he suffers from post-traumatic stress disorder (PTSD) that "weaken[s] his immune system" and makes him more vulnerable should he contract COVID-19. The District Court denied the motion, noting that Camara's medical and sentencing records did not indicate that he suffered from PTSD "or any other mental or physical health issue." ECF No. 137 at 2. It determined that, in any event, Camara had not shown that PTSD or any other mental health condition "substantially diminishes [his] ability . . . to provide self-care within the environment of a correctional facility." Id. (citing U.S.S.G. § 1B1.13 cmt. n.1). It further noted that the CDC has not recognized PTSD as a condition that puts an inmate at greater risk of COVID-19. It therefore concluded that Camara had not shown extraordinary and compelling reasons for compassionate release.[2]

In March 2021, Camara filed an "Emergency Motion for Compassionate Release Reconsideration," which the District Court properly construed as a second § 3582

---

[1] Camara exhausted his administrative remedies. See 18 U.S.C. § 3582(c)(1)(A).

[2] Camara did not appeal from the order denying this § 3582 motion.

2

motion. Camara explained that, since his last § 3582 motion, he had been diagnosed with PTSD, which compromised his immune system, making him vulnerable to COVID-19. The District Court denied relief, noting that Camara's diagnosis did not alter its prior conclusion that PTSD and other mental conditions do not diminish his capacity for self-care, and that the CDC has not recognized such conditions as COVID-19 risk factors. The District Court noted the additional fact that Camara was offered a COVID-19 vaccine but refused it. It therefore found that there were no extraordinary and compelling reasons warranting relief. Camara appealed, and the Government seeks summary affirmance.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's decision to deny a motion for compassionate release for abuse of discretion. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). "[W]e will not disturb the District Court's decision unless there is a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached." Id. (quotation marks and citation omitted).

We agree with the Government that the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6. The Government correctly notes that Camara fails to advance any argument in his appellate brief indicating that the District Court abused its discretion.[3] Rather, he solely challenges the District Court's judgment in a separate

_____

[3] Because Camara failed to file his appellate brief by the initial deadline, the Clerk issued an order to show cause as to why he should not be subject to sanctions including,

3

proceeding in which it dismissed his habeas petition brought pursuant to 28 U.S.C. § 2241 for lack of jurisdiction.[4] See M.D. Pa. Civ. No. 4-21-cv-01024, ECF No. 6. Because the arguments Camara raises are not implicated by our limited inquiry here, he has failed to preserve any issues for appeal. See generally Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 145 (3d Cir. 2017) (noting that "we have consistently refused to consider ill-developed arguments or those not properly raised and discussed in the appellate briefing"); see also Spiegel v. Cont'l Ill. Nat'l Bank, 790 F.2d 638, 650 (7th Cir. 1986) (recognizing that "[a] brief . . . that fails to clearly and cogently present arguments for overturning the district court decision is of little or no help to this court and causes us to doubt whether the appellant prosecuted the appeal with any reasonable expectation of altering the judgment of the district court").

In any event, the District Court did not abuse its discretion in denying the § 3582 motion. Regardless of whether the District Court recognized that it was not constrained by the Sentencing Commission's policy statement, see United States v. Andrews, 12 F.4th 255, 259 (3d Cir. 2021), any error is harmless where Camara does not suffer from any condition that puts him at increased risk for COVID-19 and a vaccine is available to him. See id. at 260 (noting that "although the policy statement is no longer binding, it still sheds light on the meaning of extraordinary and compelling reasons"); United States

---

potentially, the dismissal of the appeal. Because Camara thereafter promptly filed a brief, we decline to take any action against him and have considered his brief.

[4] Camara did not appeal from the order dismissing his habeas petition.

v. Sanders, 992 F.3d 583, 588 n.3 (7th Cir. 2021) (determining that improper application of § 1B1.13 was harmless); see also Garrett v. Murphy, 17 F.4th 419, 433 (3d Cir. 2021) (stating "'widespread availability of the COVID-19 vaccine . . . eliminates' need for compassionate release" (quoting United States v. Burgard, 857 F. App'x 254, 255 (7th Cir. 2021)).

Based on the foregoing, we grant the Government's motion to be excused from filing a brief and for summary affirmance, and we will summarily affirm the District Court's judgment.